# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

KEITH and KIM EIDSON,

            Plaintiffs,

v.

FLOYD WESLEY OWENS, individually,
and THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF
WAGONER,

            Defendants.

Case No. CIV-06-062-RAW

## ORDER

Before the Court is Defendants' Partial Motion to Dismiss [Docket No. 24]. The motion is granted as to Floyd Wesley Owens ("Wes Owens") in his official capacity and denied as to the Board of County Commissioners of the County of Wagoner ("the County").

### Floyd Wesley Owens, in his Official Capacity

Plaintiffs' Amended Complaint states: "At all times material herein Owens was acting under color of law in a dual, conflicted role as both attorney and law enforcement officer on behalf of Wagoner County." Plaintiffs have brought suit against Wes Owens in his individual capacity and in his official capacity as a deputy sheriff for Wagoner County. Defendants properly point out that Oklahoma's Governmental Tort Claims Act ("GTCA") provides:

> Suits initiated pursuant to the provisions of this Act shall name as defendant the state or the political subdivision against which liability is sought to be established. In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant . . . .

OKLA. STAT. tit. 51, § 163(C) (West 1999). Wes Owens, in his official capacity, is not a proper defendant to this action. Wes Owens, therefore, is dismissed in his official capacity.

### Board of County Commissioners of the County of Wagoner

Defendants argue that "Wagoner County" is not an existing entity, and that assuming the County is a proper defendant, Plaintiffs should have sued the County in the name of the "Board of County Commissioners of the County of Wagoner" in accordance with OKLA. STAT. tit. 19, § 4. In Muskogee County Okla. v. Lanning & McRoberts, 151 P. 1054 (Okla. 1915), the court concluded that "since the statute prescribed the corporate name of the county, a suit can only be prosecuted by it in that name . . . to wit, the "Board of County Commissioners of Muskogee County." Id.

Defendants also contend that this action was not timely filed against the County. According to Plaintiffs' Complaint, their original notice was filed with the County Clerk of Wagoner County on August 18, 2005. Pursuant to OKLA. STAT. tit. 51, § 157(A), the Board had ninety (90) days or until November 16, 2005 before Plaintiffs' claim was deemed denied under Oklahoma's GTCA. Plaintiffs then had one hundred and eighty (180) days or until May 16, 2006 to commence their action against the Board. OKLA. STAT. tit. 51, § 157 (B) (West 1995).

Plaintiffs filed their original Complaint on February 10, 2006,[1] and named only Wes Owens, individually and in his official capacity. Plaintiffs amended their complaint on August 16, 2006 adding "Wagoner County." Defendants contend that even if Plaintiffs had properly named the County in their Amended Complaint, Plaintiffs action against the County was brought beyond the deadline prescribed in Oklahoma's GTCA and thus untimely. The Supreme Court of Oklahoma has

---

[1] Plaintiffs' Amended Complaint states that the County Clerk of Wagoner County was served with a copy of the Complaint on February 21, 2006.

stated, however, that although designating an employee in his official capacity is improper,[2] "[a] suit against a governmental officer in his or her "official capacity" is the same as a suit against the entity that the officer represents, and is an attempt to impose liability upon that entity." Pellegrino v. State of Okla., ex rel. Cameron Univ., ex rel. Board of Regents of the State of Okla., 63 P.3d 535, 537 (Okla. 2003) (citing McMillian v. Monroe County, Ala., 520 U.S. 781, 785 (1997)).

Furthermore, the Supreme Court of Oklahoma has also stated: "Corrections of misnomers are commonly allowed where no confusion can exist as to the identity of the party litigant intended to be sued and the correct entity did, in fact, receive notice of suit." Cartwright v. Atlas Chemical Industries, Inc., 623 P.2d 606, 610-11 (Okla. 1981). The County was served in this action. No confusion exists as to the identity of whom Plaintiffs have attempted to sue. While Plaintiffs should be more careful in naming their defendants, the County was provided with notice and no prejudice will befall the County by correcting the misnomer. The correct party names are listed in the new style of this action at the top of this Order.

The Court disagrees with Defendants' argument that Plaintiffs' Amended Complaint contains no allegations or references to the compliance with the written notice claim and denial claim provisions required in order for this Court to have jurisdiction in this matter. On the first page of the Amended Complaint, Plaintiffs state: ". . . on August 18, 2005, a Notice as provided in the *Oklahoma Governmental Tort Claims Act* was filed with the Wagoner County Clerk. When no action was taken by the Board, the County Clerk was served with a copy of the *Complaint* with an [sic] Summons on February 21, 2006."

---

[2] OKLA. STAT. tit. 51, § 163(C) (West 1999).

**Conclusion**

Accordingly, Defendants' motion [Docket No. 24] is GRANTED as to Floyd Wesley Owens in his official capacity and DENIED as to the Board of County Commissioners of the County of Wagoner.

Dated this 13 November 2006.

J4h4i0

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma