# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

KEITH and KIM EIDSON,

    Plaintiffs,

v.

FLOYD WESLEY OWENS, individually,

    Defendant.

Case No. CIV-06-062-RAW

## ORDER

After this court's ruling on Defendant's summary judgment motion, the court stayed this case pending Defendant's appeal of the court's order denying Defendant Owens qualified immunity. On February 13, 2008, the United States Court of Appeals for the Tenth Circuit issued its decision and judgment, reversing that portion of this court's order and directing this court to enter summary judgment in Owens' favor on the Eidson's remaining 42 U.S.C. § 1983 claims. The Tenth Circuit dismissed the appeal insofar as it challenged this court's denial of summary judgment on the Eidson's legal malpractice claim. The Tenth Circuit's decision and judgment were entered on the docket in this court's case on March 7, 2008.

Accordingly, the stay entered on January 17, 2007 is hereby lifted, and the court hereby GRANTS Defendant Owens' motion for summary judgment [Docket No. 46] on the remaining § 1983 claims. The only claim remaining in this action is the Eidson's legal malpractice claim, a state law claim.

Having granted summary judgment on the federal claims, the court has discretion to decide whether to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §

1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ."); Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1492 (10th Cir. 1995). In deciding whether to retain jurisdiction, the court considers and weighs judicial economy, convenience, fairness and comity. Fitzgerald v. Corrections Corp. of Am., 403 F. 3d 1134, 1145 (10th Cir. 2005). Furthermore, in weighing these considerations, as the state courts are best situated to hear the state law claims, the Tenth Circuit has noted that "the most common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice." Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995). It is the decision of this court, therefore, not to exercise supplemental jurisdiction over the remaining state law claim and to dismiss that claim without prejudice.

      IT IS SO ORDERED this 8th day of April, 2008.

**Dated this 8th Day of April 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma